## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:20-CR-00288-01 |
| v. | (Chief Judge Brann) |
| KEVIN MILTON, | |
| Defendant. | |

## MEMORANDUM OPINION

### MARCH 21, 2025

## I.    BACKGROUND

In 2020, Kevin Milton was indicted for one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and two counts of distribution and possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).[1] Milton pled not guilty to the charges and, shortly thereafter, Milton's attorney ("Counsel") sent requests for discovery and other information.[2]

In March 2021, Milton filed a motion to suppress evidence.[3] Milton argued that evidence seized during a search of his residence should be suppressed because there was no nexus between the crime and that residence.[4] Specifically, Milton argued that there was no information within the affidavit of probable cause to suggest

---

[1]    Doc. 2.
[2]    Docs. 12, 17-21.
[3]    Docs. 36, 37.
[4]    Doc. 37.

a link between drug trafficking and Milton's residence.[5] This Court denied the motion, finding that sufficient evidence connected Milton's residence to drug trafficking and, in any event, the good faith exception applied.[6]

Following that decision, Milton elected to plead guilty, pursuant to a written plea agreement, to conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.[7] The plea agreement provided general information about the crime to which Milton was pleading guilty and other information relevant to sentencing.[8] Among the provisions of the plea agreement was a paragraph noting that Milton had discussed the case and the plea agreement in detail with Counsel and was "satisfied with the legal services and advice provided to [him] by" Counsel.[9]

At the change of plea hearing, Milton reiterated that he was "satisfied with the legal representation [he had] received from" Counsel up to that date.[10] He further stated that he had voluntarily signed the plea agreement[11] and no one had promised or offered him "anything, aside from the written plea agreement, in order to get [him] to plead guilty before the Court."[12] Milton also confirmed that there had been no "threats made against [him] or made against any member of [his] family that caused

---

[5]  *Id.* at 4-7.
[6]  Docs. 50, 51.
[7]  Doc. 54.
[8]  *See id.*
[9]  *Id.* at 20.
[10]  Doc. 130 at 5.
[11]  *Id.* at 14.
[12]  *Id.* at 18.

[him] or forced [him] to plead guilty" and he was "pleading guilty . . . of [his] own free will."[13]

The Court ultimately accepted the guilty plea, and a Presentence Report (PSR) was prepared.[14] The PSR described the underlying crime in some detail, noting that Pennsylvania State Police interviewed an individual after arresting that person for delivering heroin and fentanyl; the individual stated that he was holding 100 bricks—or 5,250 packs—of heroin for Milton because Milton did not want to store the drugs at his residence, as he was on state parole.[15] That individual later made a controlled delivery of a heroin substitute, contained within a pink backpack, to the trunk of a white vehicle owned by Milton that was parked in front of a residence owned by Milton.[16] Milton later retrieved the backpack from that vehicle and was arrested.[17]

Based on Milton's conduct, the PSR calculated an offense level of 21 and a criminal history category III, resulting in a Sentencing Guidelines range of 60 months' imprisonment, due to the mandatory minimum sentence in the matter.[18] Milton was ultimately sentenced to a term of 60 months' imprisonment.[19] Milton

---

[13]  *Id.*
[14]  Docs. 64, 83.
[15]  Doc. 83 at 4-5.
[16]  *Id.* at 5-6.
[17]  *Id.* at 6.
[18]  *Id.* at 7-12, 17-18.
[19]  Doc. 90.

filed an appeal with the United States Court of Appeals for the Third Circuit, but he thereafter voluntarily withdrew that appeal.[20]

In August 2024, Milton filed this timely 28 U.S.C. § 2255 motion challenging his conviction based upon an allegation that Counsel performed ineffectively by coercing Milton into pleading guilty rather than proceeding to trial.[21] Milton asserts that he demanded a jury trial where he would present numerous issues,[22] but Counsel "inveigled [Milton] into entering a guilty plea instead, against [Milton's] wishes."[23] Milton offers no additional support for his argument that he was somehow forced by Counsel to plead guilty.[24]

The Government opposes Milton's motion and asserts that he did not receive ineffective assistance of counsel.[25] Milton has filed a belated reply brief.[26] Accordingly, this matter is ripe for disposition and, for the following reasons, the Court will deny Milton's motion.

---

[20]  Docs. 92, 132.
[21]  Doc. 138. Milton previously filed two premature § 2255 motions, and one timely § 2255 motion that he voluntarily withdrew. Docs. 122, 128, 133.
[22]  Doc. 138 at 2-3.
[23]  *Id.* at 4.
[24]  *See* Doc. 138.
[25]  Doc. 142.
[26]  Doc. 145

## II.    DISCUSSION

### A.    Ineffective Assistance of Counsel

"In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court established a two-part test to evaluate ineffective assistance of counsel claims."[27] "The first part of the *Strickland* test requires 'showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'"[28] In determining whether an attorney's performance is deficient, courts must "determine whether, in light of all the circumstances, the [attorney's] acts or omissions were outside the wide range of professionally competent assistance."[29] As the United States Supreme Court has emphasized:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.[30]

"The second part [of the *Strickland* test] specifies that the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"[31]

---

[27]    *United States v. Bui*, 795 F.3d 363, 366 (3d Cir. 2015).

[28]    *Id.* (quoting *Strickland*, 466 U.S. at 687).

[29]    *Strickland*, 466 U.S. at 690.

[30]    *Id.*

[31]    *Bui*, 795 F.3d at 366 (quoting *Strickland*, 466 U.S. at 694).

"This does not require a showing that counsel's actions more likely than not altered the outcome, but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case. The likelihood of a different result must be substantial, not just conceivable."[32] "In the context of a guilty plea, the prejudice prong of the test requires a showing 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'"[33]

Here, the only allegation of ineffective assistance of counsel revolves around Milton's undefined and nebulous assertion that Counsel somehow coerced Milton into entering a guilty plea.[34] But that assertion is squarely contradicted by the evidence of record. Not only did Milton twice affirm—once in his plea agreement and once orally under oath before the Court—that he was satisfied with Counsel,[35] but he confirmed under oath that he had voluntarily signed the plea agreement of his own free will absent any threats or promises.[36] Courts, including the United States Court of Appeals for the Third Circuit, have routinely rejected ineffective assistance of counsel claims under such circumstances.[37]

---

[32] *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (internal quotation marks omitted).

[33] *United States v. Fazio*, 795 F.3d 421, 426 (3d Cir. 2015) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

[34] Doc. 138.

[35] Doc. 54 at 20; Doc. 130 at 5.

[36] Doc. 130 at 14, 18.

[37] *See United States v. Shumaker*, 475 F. App'x 817, 822 (3d Cir. 2012) (finding no ineffective assistance of counsel related to a purportedly coerced plea given the defendant's "unequivocal statements made under oath at the change of plea hearing that he was satisfied with [his

Nor is any other ineffective assistance of counsel apparent on the record. Again, Milton twice confirmed that he was satisfied with his attorney, and twice acknowledged that he had discussed the case in detail with Counsel prior to pleading guilty.[38] In the absence of any evidence of ineffective assistance of counsel, Milton's § 2255 motion will be denied.

## B.    Certificate of Appealability

Because this Court will deny Milton's § 2255 motion, this decision will not be appealable unless this Court or a circuit justice issues a certificate of appealability.[39] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."[40] To satisfy this standard Milton must demonstrate that reasonable jurists would find that the Court's assessment of the constitutional claim is debatable or wrong.[41] This Court finds that Milton has not met this burden, and therefore declines to issue a certificate of appealability.

---

attorney's] representation and that he had not been pressured or coerced into pleading guilty"). *See also Healy v. United States*, No. CV 18-13471 (KM), 2022 WL 16922191, at *7 n.6 (D.N.J. Nov. 14, 2022) (collecting cases).

[38]    Doc. 54 at 20; Doc. 130 at 5.

[39]    28 U.S.C. § 2253(c)(1)(B).

[40]    *Id.* § 2253(c)(2).

[41]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

## III.    CONCLUSION

For the foregoing reasons, the Court concludes that Milton did not receive ineffective assistance of counsel, and his 28 U.S.C. § 2255 motion will be denied. The Court will also deny a certificate of appealability.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge